**Michael L. Wroniak, Esq. (State Bar No. 210347)**
**COLLINS + COLLINS LLP**
**750 The City Drive, Suite 400**
**Orange, CA 92868**
**(714) 823-4100 - FAX (714) 823-4101**
**Email: mwroniak@ccllp.law**

Attorneys for Defendant
County of Orange individually and erroneously sued as Orange County Sheriff's
Department

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARDO ACEVES, an individual,<br><br>               Plaintiff,<br><br>     vs.<br><br>COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT; UNKNOWN SHERIFF DEPUTIES; and DOES 1 through 100, inclusive,<br><br>               Defendants. | CASE NO. 2:23-cv-02409<br><br>**NOTICE OF REMOVAL**<br><br>**Complaint Filed:   10/13/2022**<br>**Trial Date:         None** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT**

**PLEASE TAKE NOTICE** that Defendant COUNTY OF ORANGE individually and erroneously sued as ORANGE COUNTY SHERIFF'S DEPARTMENT, hereby remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Removal is proper because this Court has subject matter jurisdiction over this action under federal

24473

1  question jurisdiction pursuant to 28 U.S.C. § 1331.

2  ## I.  BACKGROUND

3  On October 13, 2022, Plaintiff Edwardo Aceves filed a Complaint for damages
4  against Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S
5  DEPARTMENT, UNKNOWN SHERIFF'S DEPUTIES, and DOES 1 through 100 in
6  the Superior Court of California, County of Orange, Case No. 30-2022-001285896-
7  CU-CR-CJC (the "State Court Action"). The Complaint contained two (2) causes of
8  action for: (1) Violation of Title 42 U.S.C. § 1983 – False Arrest and False
9  Imprisonment and (2) Violation of Title 42 U.S.C. § 1983 – Violation of Civil Rights
10  and Excessive Force While Incarcerated. The Complaint included the City of Fountain
11  Valley and several of its police officers as defendants. A true and correct copy of the
12  Complaint is attached hereto as **Exhibit A.**

13  On February 27, 2023, Plaintiff filed a First Amended Complaint removing the
14  City of Fountain Valley and its officers from the action leaving the COUNTY OF
15  ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, UNKNOWN
16  SHERIFF'S DEPUTIES, and DOES 1 through 100 as the named defendants.
17  Plaintiff's First Amended Complaint contained the same two (2) causes of action for:
18  (1) Violation of Title 42 U.S.C. § 1983 – False Arrest and False Imprisonment and (2)
19  Violation of Title 42 U.S.C. § 1983 – Violation of Civil Rights and Excessive Force
20  While Incarcerated. The First Amended Complaint is the operative complaint. A true
21  and correct copy of the First Amended Complaint is attached hereto as **Exhibit B.**

22  COUNTY OF ORANGE first received a copy of the First Amended Complaint
23  on March 7, 2023. A True and correct copy of the Summons served on COUNTY OF
24  ORANGE is attached hereto as **Exhibit C.**

25  ## II.  FEDERAL QUESTION JURISDICTION EXISTS AND THE COURT
26  MAY EXERCISE SUPPLEMENTAL JURISDICTION

27  With exceptions not relevant here, "any civil action brought in a State court of
28  which the district courts of the United States have original jurisdiction [] may be

24473

**NOTICE OF REMOVAL**

COLLINS + COLLINS LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

1    removed by the defendant or the defendants, to the district court of the united States

2    for the district and division embracing the place where such action is pending." 28

3    U.S.C. § 1441(a).

4        Removal of action under 28 U.S.C. § 1441(a) depends solely on the nature of

5    the Plaintiffs' Complaint and is properly removed only if "a right or immunity created

6    by the Constitution or law of the United States [constitutes] and element, and an

7    essential one, of the plaintiff's cause of action." *Gully v. First National Bank in*

8    *Meridian*, 299 U.S. 109, 112 (1936).

9        Federal courts "shall have original jurisdiction of all civil actions arising under

10   the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11       This Court has original jurisdiction over actions brought pursuant to 42 U.S.C.

12   § 1983. *See* 28 U.S.C. § 1331.

13   **III.    COMPLAINCE WITH STATUTORY REQUIREMENTS**

14       In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process,

15   pleadings, and orders from the State Court Action are attached to this notice.

16       This Notice of Removal of Action is filed with the District Court within thirty

17   (30) days after receipt by COUNTY OF ORANGE of a copy of the First Amended

18   Complaint setting forth for the first time the claims giving rise to removal under 28

19   U.S.C. 1441(b) and in accordance with 28 U.S.C. § 1446(a) and (b).

20       COUNTY OF ORANGE consents to the removal of the action. Thus, removal

21   is proper pursuant to 28 U.S.C. § 1446(b)(2). No other defendants have been properly

22   joined and served in this action.

23       Removal to present venue is proper under 28 U.S.C. § 1441(a) because this

24   Court is the United States District Court for the district corresponding to the place

25   where the State Court Action is pending. Specifically, Plaintiff filed this action in the

26   Superior Court for the State of California, County of Orange, which is embraced

27   within the Central District of California. Therefore, this action may be removed to

28   this Court.

24473

**COLLINS + COLLINS** LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

3

1     In accordance with 28 U.S.C. § 1446(d), a copy of COUNTY OF ORANGE'S

2  notice of filing of Notice of Removal is being filed contemporaneously with the Clerk

3  of the Superior Court for the State of California, County of Orange.

4     In accordance with 28 U.S.C. § 1446(d), COUNTY OF ORANGE is also

5  contemporaneously serving this notice of removal on all adverse parties.

7  DATED: March 31, 2023                    COLLINS + COLLINS LLP

8

9                                          By: _____

10                                         MICHAEL L. WRONIAK
                                           Attorneys for Defendant
11                                         County of Orange individually and erroneously
                                           sued as Orange County Sheriff's Department

COLLINS + COLLINS LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

*24473*

4

**NOTICE OF REMOVAL**

# EXHIBIT A

Case 2:23-cv-02409   Document 2   Filed 03/31/23   Page 6 of 25   Page ID #:9
Electronically Filed by Superior Court of California, County of Orange, 10/13/2022 08:00:00 AM.
30-2022-01285896-CU-CR-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Trent, Deputy Clerk.

1 │ Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
2 │ Federico C. Sayre, Esq. (State Bar No. 67420)
**ADAMSON AHDOOT LLP**
3 │ 1150 S. Robertson Blvd.
Los Angeles, California 90035
4 │ T: (310) 888-0024
F: (888) 895-4665
5 │ E: alan@aa-llp.com
E: christopher@aa-llp.com
6 │ E: federico@aa-llp.com
7 │
Attorneys for Plaintiff
8 │ EDWARDO ACEVES

9 │ **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 │ **FOR THE COUNTY OF ORANGE**

11 │ **UNLIMITED JURISDICTION**

12 │

13 │ **Assigned for All Purposes**
Judge Derek W. Hunt

14 │ EDWARDO ACEVES, an individual,          Case No.:   30-2022-01285896-CU-CR-CJC

15 │     Plaintiff,          **COMPLAINT FOR DAMAGES FOR:**

16 │ vs.          **1. VIOLATION OF TITLE 42**
17 │           **U.S.C. §1983 – FALSE ARREST**
          **AND FALSE IMPRISONMENT**
18 │ CITY OF FOUNTAIN VALLEY, a public entity,          **2. VIOLATION OF TITLE 42**
FOUNTAIN VALLEY POLICE          **U.S.C. §1983 – VIOLATION OF**
19 │ DEPARTMENT, KEVIN ERSKINE, MARCO          **CIVIL RIGHTS AND**
AVILA, IVAN ARCE, BRIAN MOSHER,          **EXCESSIVE FORCE WHILE**
20 │ BRIAN CASTEEL, individuals, and DOES 1          **ENCARCERATED**
through 50, inclusive, and COUNTY OF
21 │ ORANGE, ORANGE COUNTY SHERIFF'S          **PLAINTIFF REQUESTS TRIAL BY**
DEPARTMENT; UNKNOWN SHERIFF          **JURY**
22 │ DEPUTIES and DOES 51 through 100, inclusive,
          **DEMAND IS ABOVE $25,000.00**
23 │     Defendants.

24 │

25 │     Comes Now Plaintiff EDWARDO ACEVES, individually, for causes of action   against

26 │ Defendants CITY OF FOUNTAIN VALLEY, a public entity, FOUNTAIN VALLEY POLICE

27 │ DEPARTMENT, KEVIN ERSKINE, MARCO AVILA, IVAN ARCE, BRIAN MOSHER,

28 │ BRIAN CASTEEL, individuals, and DOES 1 through 50, inclusive, and COUNTY OF ORANGE,

ORANGE COUNTY SHERIFF'S DEPARTMENT; UNKNOWN SHERIFF DEPUTIES and DOES 51 through 100, inclusive, and each of them (collectively hereinafter referred o as "DEFENDANTS"), complains and alleges as follows:

1.  At all times relevant and mentioned herein, Plaintiff, EDWARDO ACEVES (hereinafter "ACEVES"), was and is a resident of Orange County, State of California.

2.  Plaintiff is informed and believes and thereon alleges that Defendants CITY OF FOUNTAIN VALLEY, FOUNTAIN VALLEY POLICE DEPARTMENT and KEVIN ERSKINE, MARCO AVILA, IVAN ARCE, BRIAN MOSHER, BRIAN CASTEEL are residents of the County of Orange, State of California.

3.  Plaintiff is informed and believes and thereon alleges that Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT were and are public entities in Orange County, State of California. UNKNOWN SHERIFF DEPUTIES were and are residence of Orange County, State of California.

4.  Defendants CITY OF FOUNTAIN VALLEY and FOUNTAIN VALLEY POLICE DEPARTMENT are public agencies and subject to suit. Defendants KEVIN ERSKINE, MARCO AVILA, IVAN ARCE, BRIAN MOSHER, BRIAN CASTEEL, were, and at all times relevant hereto, employees of the CITY OF FOUNTAIN VALLEY and FOUNTAIN VALLEY POLICE DEPARTMENT and were acting within the course and scope of their employment and under color of state law.

5.  Defendants COUNTY OF ORANGE and ORANGE COUNTY SHERIFF'S DEPARTMENT are public agencies and subject to suit. Defendants UNKNOWN SHERIFF DEPUTIES were, and at all times relevant hereto, employees of the COUNTY OF ORANGE and ORANGE COUNTYSHERIFF'S DEPARTMENT and were acting within the course and scope of their employment and under color of state law.

6.  Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants and/or DOES 1 through 50, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them was acting within the course, scope, and authority of said agency, employment,

and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venturer. Further, that each said Defendant, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-defendants, as alleged. Plaintiffs are informed, believe, and thereon allege that said fictitiously named Defendants and/or DOES 1 through 50, and each of them, engaged in the same or similar conduct as Defendants and/or DOES 1 through 50, thereby proximately causing PLAINTIFF ACEVES' injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of its agents, servants, or employees of DEFENDANTS CITY OF FOUNTAIN VALLEY and FOUNTAIN VALLEY POLICE DEPARTMENT

7.      Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants and/or DOES 51 through 100, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them was acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training and supervision of each and every other Defendant as an agent, employee and/or joint venturer. Further, that each said Defendant, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-defendants, as alleged. Plaintiffs are informed, believe, and thereon allege that said fictitiously named Defendants and/or 51 through 100, and each of them, engaged in the same or similar conduct as Defendants and/or DOES 51 through 100, thereby proximately causing PLAINTIFF ACEVES' injuries and damages as set forth herein, either through the said fictitious Defendants' own negligent conduct or through the conduct of its agents, servants, or employees of DEFENDANTS COUNTY OF ORANGE and ORANGE COUNTY SHERIFF'S DEPARTMENT.

/ / /

/ / /

/ / /

**GENERAL ALLEGATIONS**

8.    The claims set forth herein from a catastrophic injury that occurred in Orange County within the judicial district of the Ornge County Superior Court, State of California, which resulted in severe injuries to PLAINTIFF ACEVES.

9.    PLAINTIFF ACEVES' injuries began on October 21, 2020, when the car that he was riding in as a passenger was pulled over in the City of Santa Ana by DEFENDANTS KEVIN ERSKINE, MARCO AVILA, IVAN ARCE, BRIAN MOSHER, and BRIAN CASTEEL, police officers of DEFENDANT FOUNTAIN VALLEY POLICE DEPARTMENT.  The vehicle that was pulled over occurred at 1313 Huron in the city of Santa Ana.  The vehicle was being driven by PLAINTIFF ACEVES' brother.

10.    PLAINTIFF ACEVES had no valid warrants and had done nothing wrong.  There was no justification for the Fountain Valley police officers to arrest him.

11.    After PLAINTIFF ACEVES was arrested without cause or justification, he was processed through the jail maintained by DEFENDANT CITY OF FOUNTAIN VALLEY and was transferred to the Men's Central Jail in Santa Ana.  At no time was he charged with a crime and after he was injured by DEFENDANT UNKNOWN SHERIFF DEPUTIES, he was released without any charges filed against him.

12.    All of these events and the injuries pertaining thereto occurred within the judicial district of Orange County Superior Court therefore, this is the proper court in which to bring this action pursuant to Code of Civil Procedure §§395 and 396.

13.    PLAINTIFF is informed and believes and thereon alleges that pursuant to California Government Code §§815.2, 815.4 and 820(a) that DEFENDANTS KEVIN ERSKINE, MARCO AVILA, IVAN ARCE, BRIAN MOSHER, BRIAN CASTEEL and DOES 1 through 50 and UNKNOWN SHERIFF DEPUTIES and Does 51 through 100, are vicariously liable for the actions and omissions of their employees, agents, and/or independent contractors.

14.    On October 21, 2020, after the vehicle PLAINTIFF ACEVES was riding in as a passenger was stopped and he was arrested for no discernible reason and charged with no crime, he was ultimately taken to the Men's Central Jail in Santa Ana and placed in the custody of Sheriff Deputies.

15.     On October 21, 202, while getting undressed as directed by the sheriff deputies, they became impatient with the speed which he was exercising in getting undressed and two UNKNOWN SHERIFF DEPUTIES grabbed ahold of him and rammed his body, head first, into the jail metal bars causing serious injuries to his brain.

16.     PLAINTIFF ACEVES is an honorably discharged member of the United States Army who was injured in Afghanistan because of the explosion of a device, which led to him being discharged. Although he informed the UNKNOWN SHERIFF DEPUTIES that he was moving slowly because of his war injury, they became impatient and rammed him, head first, into the metal jail bars, injuring his face, forehead, and brain, exacerbating the injury that he has suffered while in service to his country.

17.     After keeping PLAINTIFF ACEVES in jail the night of October 21, 2020, without any justification or charges, he was released the next morning, October 22, 2020, and has been treating since that time for a brain injury through the Veteran's Administration care provide as ex-military. He was sent to Florida to have a SPECT scan done to determine the extent of his brain injury.

18.     At said time and place, DEFENDANTS and DOES 1 through 50, and DEFENDANTS and DOES 51 through 100, and each of them, had a duty to exercise reasonable care in apprehending PLAINTIFF ACEVES and maintaining him in jail facilities in Orange County. Despite these duties, DEFENDANTS and DOES 1 through 50, violated the civil rights of PLAINTIFF ACEVES under the Fourth and Fourteenth Amendments by arresting him without any justification or charge or warrant. The DEFENDANTS COUNTY OF ORANGE AND UNKNOWN SHERIFF DEPUTIES violated his rights under the Fourth and Fourteenth Amendments by exercising excessive force while he was in jail and injuring his brain by thrusting him, head first, into the metal bars, which resulted in severe head injury to PLAINTIFF ACEVES as herein alleged.

19.     As a result of the subject incident, PLAINTIFF ACEVES suffered severe, traumatic, debilitating, and permanent injuries that necessitated significant medical care.

///

///

## FIRST CAUSE OF ACTION

### VIOLATION OF TITLE 42 U.S.C. §1983 – WRONGFUL AND UNJUSTIFIED ARREST

(By PLAINTIFF ACEVES against DEFENDANTS CITY OF FOUNTAIN VALLEY,

FOUNTAIN VALLEY POLICE DEPARTMENT, KEVIN ERSKINE, MARCO AVILA, IVAN

ARCE, BRIAN MOSHER, BRIAN CASTEEL and DOES 1 through 50)

20.    PLAINTIFF ACEVES repeats and realleges the allegations contained in paragraphs 1 through 19 hereinabove and incorporates the same as though fully set forth herein.

21.    DEFENDANTS CITY OF FOUNTAIN VALLEY, FOUNTAIN VALLEY POLICE DEPARTMENT, KEVIN ERSKINE, MARCO AVILA, IVAN ARCE, BRIAN MOSHER, BRIAN CASTEEL, and DOES 1 through 50, and each of them, acting under color of state law deprived PLAINTIFF ACEVES of rights, privileges, and immunities secured by the Constitution of the laws of the United States including those secured by the Fourth Amendment to the Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, falsely arresting and imprisoning PLAINTIFF ACEVES, including, but not limited to, detaining PLAINTIFF ACEVES without probable cause.

22.    As a result of the false and unjustified arrest and detention of PLAINTIFF ACEVES, he was placed into the hands of the sheriff deputies in the County of Orange wherein he was caused to suffer catastrophic injuries, including brain damage.

23.    PLAINTIFF ACEVES has been damages, including pecuniary losses and other compensable injuries in an amount in accordance with proof at the time of trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. §1983 – USE OF EXCESSIVE FORCE IN

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

(By PLAINTIFF ACEVES against DEFENDANTS COUNTY OF ORANGE, ORANGE

COUNTY SHERIFF'S DEPARTMENT, UNKNOWN SHERIFF DEPUTIES

and/or DOES 51- through 100)

24.     PLAINTIFF ACEVES repeats and realleges the allegations contained in paragraphs 1 through 23 hereinabove and incorporates the same as though fully set forth herein.

25.     DEFENDANTS COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, UNKNOWN SHERIFF DEPUTIES and DOES 51 through 100, and each of acting under color of law, deprived PLAINTIFF ACEVES of his right to be free of injury while in their custody without due process of law in violation of the Fourteenth Amendment by their conscience shocking use of unreasonable, unjustified force and violence, which violated PLAINTFF ACEVES' Fourth-Amendment rights, causing catastrophic injuries, all without provocation justification or probable cause.

26.     As a proximate result of the foregoing wrongful acts of DEFENDANTS COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, UNKNOWN SHERIFF DEPUTIES and DOES 51 through 100, and each of them, Plaintiff sustained general damages, including grief, emotional distress, and pain, and suffering and special damages, in an amount in accordance with proof.

27.     In doing the foregoing wrongful acts, DEFENDANTS COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, UNKNOWN SHERIFF DEPUTIES and DOES 51 through 100, and each of them, acted in reckless and callous disregard for the constitutional rights of the Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive and exemplary damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## **PRAYER FOR DAMAGES**

**WHEREFORE**, PLAINTIFF ACEVES hereby Prays for judgment against Defendants and DOES 1 through 50 and Defendants and DOES 51 through 100, and each of them, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.      For general damages (also known as non-economic damages), including but not limited to, pain and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2.      For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.      For prejudgment interest, according to proof;

4.      For damages for Plaintiff's other losses, according to proof;

5      For reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. § 1988;

**ON THE SECOND CAUSE OF ACTION:**

1.      For general damages (also known as non-economic damages), including but not limited to, pain and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2.      For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.      For prejudgment interest, according to proof;

4.      For damages for Plaintiff's other losses, according to proof;

5.      For reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. § 1988;

6.      For exemplary and punitive damages against DEFENDANTS UNKNOWN

SHERIFF DEPUTIES, and each of them, (except the immune public entity defendants) in an amount sufficient to make an example of those Defendants and to deter future misconduct, in an amount according to proof at the time of trial.

Dated: October 12, 2022

Respectfully submitted,

ADAMSON AHDOOT LLP

By _____
Federico C. Sayre, Esq.
Attorneys for Plaintiff
EDWARDO ACEVES

PLAINTIFF hereby demand a trial by jury as to all causes of action.

Dated: October 12, 2020

Respectfully submitted,

ADAMSON AHDOOT LLP

By _____
Federico C. Sayre, Esq.
Attorneys for Plaintiff
EDWARDO ACEVES

**EXHIBIT B**

Electronically Filed by Superior Court of California, County of Orange, 02/27/2023 10:29:00 AM.
30-2022-01285896-CU-CR-CJC - ROA # 15 - DAVID H. YAMASAKI, Clerk of the Court By R. Baker, Deputy Clerk.

1  Alan A. Ahdoot, Esq. (State Bar No. 238594)
   Christopher B. Adamson, Esq. (State Bar No. 238500)
2  Federico C. Sayre, Esq. (State Bar No. 67420)
   **ADAMSON AHDOOT LLP**
3  1150 S. Robertson Blvd.
   Los Angeles, California 90035
4  T: (310) 888-0024
   F: (888) 895-4665
5  E: alan@aa-llp.com
   E: christopher@aa-llp.com
6  E: federico@aa-llp.com

7  Attorneys for Plaintiff
8  EDWARDO ACEVES

9           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF ORANGE

11                 UNLIMITED JURISDICTION

12

13

14  EDWARDO ACEVES, an individual          | Case No.: 30-2022-01285896-CU-CR-CJC
                                            | **Assigned for all Purposes to:**
15          Plaintiff,                      | **Hon. Derek W. Hunt**
                                            | **Dept. C-23**
16  vs.                                     | **PLAINTIFF'S FIRST AMENDED**
                                            | **COMPLAINT FOR DAMAGES FOR:**
17
                                            | **1. VIOLATION OF TITLE 42 U.S.C.**
18  COUNTY OF ORANGE, ORANGE COUNTY         | **§1983 – FALSE ARREST AND FALSE**
    SHERIFF'S DEPARTMENT; UNKNOWN           | **IMPRISONMENT**
19  SHERIFF DEPUTIES and DOES 1 through 100,
    inclusive,                              | **2. VIOLATION OF TITLE 42 U.S.C.**
20                                          | **§1983 -VIOLATION OF CIVIL RIGHTS**
          Defendants.                       | **AND EXCESSIVE FORCE WHILE**
21                                          | **ENCARCERATED**

22                                          | **PLAINTIFF REQUESTS TRIAL BY**
                                            | **JURY**
23
                                            | **DEMAND IS ABOVE $25,000.00**
24
                                            | Filed: 10/13/2022
25                                          | Trial: None

26

27       TO:  ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

28

---
PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Plaintiff EDWARDO ACEVES, individually, for causes of action against COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT; UNKNOWN SHERIFF DEPUTIES AND DOES 1 through 100, inclusive, and each of them (collectively hereinafter referred to as "DEFENDANTS"), complain and alleges as follows:

1.      At all times relevant and mentioned herein, plaintiff EDWARDO ACEVES (hereinafter "ACEVES"), was and is a resident of Orange County, State of California.

2.      Plaintiff is informed and believes and thereon alleges that Defendants COUNTY OF ORANGE, ORANGE COUNTY SHERIFF''S DEPARTMENT were and are public entities in Orange County, State of California. UNKNOWN SHERIFF DEPUTIES were and are residents of Orange County, State of California.

3.      Defendants COUNTY OF ORANGE and ORANGE COUNTY SHERIFF''S DEPARTMENT and are public agencies and subject to suit. Defendants UNKNOWN SHERIFF DEPUTIES were, and at all times relevant hereto, employees of the COUNTYOF ORANGE and ORANGE COUNTY SHERIFF''S DEPARTMENT and were acting within the course and scope of their employment and under the color of state law.

4.      Plaintiff is informed, believes, and thereon alleges that at all times relevant and mentioned herein, Defendants and/or DOES 1 through 50, and each of them, were the agents, servants, employees, and/or successors in interest, and/or joint venturers of their co-Defendants, and each of them was acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring, retention, training, and supervision of each and every other Defendant as an agent, employee and/or joint venturer.  Further, that each said Defendant, while acting as a principal, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by their co-defendants, as alleged.  Plaintiff is informed, believes, and thereon alleges that said fictitiously named Defendant and/or DOES 51 through 100, and each of them,

discharged. Although he informed the UNKNOWN SHERIFF DEPUTIES that he was moving slowly because of his war injury, they became impatient and rammed him, head first, into the metal jail bars, injuring his face, forehead, and brain, exacerbating the injury that he has suffered while in service to his county.

11.    After keeping PLAINTIFF ACEVES in jail the night of October 21, 2020, he was released the next morning, October 22, 2020, and has been treating since that time for a brain injury through the Veteran's Administration care provided as ex-military. He was sent to Florida to have a SPECT scan done to determine the extent of his brain injury.

12.    At said time and place, DEFENDANTS and DOES 1 through 50, and DEFENDANTS and DOES 51 through 100, and each of them, had a duty to exercise reasonable care in apprehending PLAINTIFF ACEVES and maintaining him in jail facilities in Orange County. Despite these duties, DEFENDANTS and DOES 1 through 50, violated the civil rights of PLAINTIFF ACEVES under the Fourth and Fourteenth Amendments by arresting him without any justification or charge or warrant. The DEFENDANTS COUNTY OF ORANGE AND UNKNOWN SHERIFF DEPUTIESA violated his rights under the Fourth and Fourteenth Amendments by exercising excessive force while he was in jail and injuring his brain by thrusting him, head first, into the metal bars, which resulted in severe head injury to PLAINTIFF ACEVES as herein alleged.

13.    As a result of the subject incident, PLAINTIFF ACEVES suffered severe, traumatic, debilitating, and permanent injuries that necessitated significant medical care.

## FIRST CAUSE OF ACTION

### VIOLATION OF 42 U.S.C. §1983 – USE OF EXCESSIVE FORCE IN

### VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

(By PLAINTIFF ACEVES against DEFENDANTS COUNTY OF ORANGE, ORANGE

COUNTY SHERIFF'S DEPARTMENT, UNKNOWN SHERIFF DEPUTIES

and/or DOES 51 through 100)

14.    PLAINTIFF ACEVES repeats and realleges the allegations contained in paragraphs 1 through 13 hereinabove and incorporates the same as though fully set forth herein.

15.    DEFENDANTS COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, UNKNOWN SHERIFF DEPUTIES and DOES 51 through 100, and each of them were acting under color of law, deprived PLAINTIFF ACEVES of his right to be free of injury while in their custody without due process of law in violation of the Fourteenth Amendment by their conscience shocking use of unreasonable, unjustified force and violence, which violated PLAINTIFF ACEVES' Fourth Amendment rights, casing catastrophic injuries, all without provocation, justification, or probable cause.

16.    As a proximate result of the foregoing wrongful acts DEFENDANTS COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, UNKNOWN SHERIFF DEPUTIES and DOES 51 through 100, and each of them, Plaintiff sustained general damages, including grief, emotional distress, and pain and suffering, and special damages, in an amount in accordance with proof.

17.    In doing the foregoing wrongful acts, DEFENDANTS COUNTY OF ORANGE, ORANGE COUNTY SHERIFF'S DEPARTMENT, UNKNOWN SHERIFF DEPUTIES and DOES 51 through 100, and each of them, acted in reckless and callous disregard for the constitutional rights of the Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive and exemplary damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

**PRAYER FOR DAMAGES**

**WHEREFORE,** PLAINTIFF ACEVES hereby Prays for judgment against Defendants and DOES 1 through 50 and Defendants 51 through 100, and each of them as follows:

---

PLAINTIFF'S FIRST AMENDED COMPLAINT

**ON THE FIRST CAUSE OF ACTION:**

1.  For general damages (also known as non-economic damages), including but not limited to, pain and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

2.  For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

3.  For prejudgment interest, according to proof;

4.  For damages for Plaintiff's other losses, according to proof;

5.  For reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. §1988;

6.  For exemplary and punitive damages against DEFENDANTS UNKNOWN SHERIFF DEPUTIES, and each of them, (except the immune public entity defendants) in an amount sufficient to make an example of those Defendants and to deter future misconduct, in an amount according to proof at the time of trial.

Dated: February 20, 2023

Respectfully submitted,

ADAMSON AHDOOT LLP

By _____
Federico C. Sayre, Esq.
Attorneys for Plaintiff
EDWARDO ACEVES

///

///

///

1   Plaintiff hereby demands a trial by jury as to all causes of action.

2   Dated: February 20, 2023                          Respectfully submitted,

3                                                       ADAMSON AHDOOT LLP

4
                                          By _____
5                                              Federico C. Sayre, Esq.
                                               Attorneys for Plaintiff
6                                              EDWARDO ACEVES

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT C**

Electronically Filed by Superior Court of California, County of Orange, 02/27/2023 10:29:00 AM.
30-2022-01285896-CU-CR-CJC - ROA # 14 - DAVID H. YAMASAKI, Clerk of the Court By R. Baker, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

ON FIRST AMENDED COMPLAINT

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

M23-215
AS

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* COUNTY OF ORANGE; ORANGE COUNTY

SHERIFF'S DEPARTMENT; UNKNOWN SHERIFF DEPUTIES and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EDWARDO ACEVES, an individual

HAND DELIVERED OVER THE COUNTER
Initial ___ Date 3/7/23

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* | Judge Kimberly A. Knill |
|---|---|---|
| *(El nombre y dirección de la corte es):* ORANGE COUNTY SUPERIOR COURT | 30-2022-01285896-CU-CR-CJC | |

700 Civic Center Drive
Santa Ana, California 92701

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Federico C. Sayre, Esq./Adamson Ahdoot, LLP, 1150 S. Robertson Blvd., Los Angeles, CA 90035

(310) 888-0024

| DATE: *(Fecha)* 02/27/2023 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* ___ R. Baker | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* County of Orange

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other *(specify):* CCP Section 416.50 (Public Entity)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**PROOF OF SERVICE**
**(CCP §§ 1013(a) and 2015.5; FRCP 5)**

State of California,          )
                               )   ss.
County of Los Angeles.     )

        I am employed in the County of Los Angeles. I am over the age of 18 and not a party to the within action. My business address is 790 E. Colorado Boulevard, Suite 600, Pasadena, CA 91101.

        On this date, I served the foregoing document described as **NOTICE OF REMOVAL** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Pasadena, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Pasadena, California.

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached service list.

☐ **(ELECTRONIC SERVICE PER CODE CIV. PROC., § 1010.6)** – By prior consent or request or as required by rules of court (Code Civ. Proc., § 1010.6 (amended Jan. 1, 2021); Code Civ. Proc., § 1013(g); Cal. Rules of Court, rule 2.251(a)).

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **March 31, 2023** at Pasadena**,** California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Jazmin Ruiz*
-------------------------------------------------------------------
Jazmin Ruiz
Jruiz@ccllp.law

**COLLINS + COLLINS** LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

*24473*

1
**PROOF OF SERVICE**

**EDWARDO ACEVES VS. COUNTY OF ORANGE, ET AL.**
**ORANGE County Superior Court Case Number: 2:23-cv-02409**
**CCLLP File Number: 24473**

<u>**SERVICE LIST**</u>

Alan A. Ahdoot, Esq.
Christopher B. Adamson, Esq.
Federico C. Sayre, Esq.
ADAMSON AHDOOT LLP
1150 S. Robertson Blvd.
Los Angeles, CA 90034
T: (310) 888-0024 - F: (888)895-4665
alan@aa-llp.com
christopher@aa-llp.com
federico@aa-llp.com
**ATTORNEYS FOR PLAINTIFF**
**EDWARDO ACEVES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*24473*

**COLLINS + COLLINS** LLP
750 The City Drive, Suite 400,
Orange, CA 92868
T: (714) 823-4100
F: (714) 823-4101

2

**PROOF OF SERVICE**